In re Joseph J. LUCAS and Terry A. Lucas, Debtors.

Joseph J. LUCAS and Terry A. Lucas, Plaintiffs,

v.

HIGHER EDUCATION ASSISTANCE FOUNDATION, and

Nebraska Higher Education Loan Program, Plus Loans, Defendants.

Bankruptcy No. B90–1329.
Adv. No. B90–0184.

United States Bankruptcy Court, N.D. Ohio, E.D.

Feb. 22, 1991.

Todd J. McKenna, Cleveland, Ohio, for plaintiffs.

Scott H. Scharf, Cleveland, Ohio, for defendants.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

### I.

The matters before the Court are Higher Education Assistance Foundation's (HEAF) motion for summary judgment against Joseph J. and Terry A. Lucas (Debtors), and the Debtors' motion to amend their admissions. HEAF's motion for summary judgment is based upon the failure of the Debtors to timely respond to HEAF's request for admissions. Upon review of the pleadings, arguments of counsel and the record, generally, HEAF's motion for summary judgment is hereby denied and the Debtors are granted leave to amend their admissions instanter.

### II.

On November 2, 1990, HEAF sought certain admissions from the Debtors pursuant to Rule 36, Fed.R.Civ.P. Upon the failure of the Debtors to respond within the time required by the rule, HEAF, on January 3,

1991, filed a motion for summary judgment based upon said admissions being deemed admitted. The Debtors have now filed a motion in opposition to HEAF's motion for summary judgment, or in the alternative, to amend the admissions. HEAF contends that since the Debtors have failed to respond to the request for admissions, the matters contained in the request are deemed admitted and there remains no genuine issue as to any material fact and that HEAF is entitled to judgment as a matter of law. The Debtors, however, argue that the Court should permit them to amend the admissions as no prejudice will result to HEAF in accepting the untimely responses.

### III.

The principle dispositive issue is whether the Court should permit the Debtors to amend the admissions by filing untimely responses to HEAF's request for admissions.

### IV.

Request for admissions and the effect thereof are governed by Rule 36, Fed.R. Civ.P., which is made applicable by Rule 7036, Bankr.R. and provides:

Rule 36. Requests for Admission

(a) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact including the genuineness of any documents described in the request.

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

■ It is well established that a failure to respond to a request to admit will permit a court to enter summary judgment if the facts deemed admitted are dispositive. *See, e.g., First Nat'l Bank Co. v. Insurance Co.*, 606 F.2d 760, 766 (7th Cir.1979); *Weva Oil Corp. v. Belco Petroleum Corp.*, 68 F.R.D. 663, 666–67 (N.D.W.Va.1975). However, a court is not required to do so. It is within the court's discretion to allow untimely answers to requests for admissions, when such an amendment will not prejudice the other party. *See, French v. United States*, 416 F.2d 1149, 1152 (9th Cir.1969); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2nd Cir.1966). Furthermore, courts are particularly responsive to allowing late answers to requests for admission when summary judgment is involved. *See, St. Regis. Paper Co. v. Upgrade Corp.*, 86 F.R.D. 355 (W.D.Mich. 1980).

### V.

■ One of the primary purposes of bankruptcy is to relieve an honest debtor from the weight of oppressive indebtedness and permit him to start afresh. *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). To grant a summary judgment against the Debtors would thwart that legislative purpose. Additionally, it does not further the interest of justice to automatically determine the issue of a lawsuit and enter summary judgment against a party because of a missed deadline. *See, Hadra v. Herman*

*Blum Consulting Engineers,* 74 F.R.D. 113 (N.D.Tex.1977).

The Debtors, though untimely, have admitted all the requests except for two, Nos. 13 and 14, which they have denied. These two requests go to the heart of the matter, and, as such, should be decided by the Court upon a complete trial. HEAF, the party who obtained the admissions, bears the proof that withdrawal or amendment will prejudice HEAF in maintaining its defense on the merits. Rule 36(b), Fed.R. Civ.P.. In the case at bar, there has been no such prejudice alleged or demonstrated. Once the admissions are amended, there will remain genuine issues as to material facts.

### VI.

Accordingly, HEAF''s motion for summary judgment is hereby denied and the Debtors are granted leave to amend their admissions instanter.

IT IS SO ORDERED.