86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin LOVEJOY, Plaintiff-Appellant,
v.
Donald OWENS, et al., Defendant-Appellee.
 No. 94-4224.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1996.
 
 Before: KEITH, SILER, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Marvin Lovejoy, a federal prisoner, appeals pro se the summary judgment for defendants in his civil rights action filed under 42 U.S.C. § 1983 for excessive use of force, denial of expediment medical treatment, and violation of state and federal extradition laws. Our review of the record convinces us no errors occurred and we affirm.
 
 I.
 
 2
 Marvin Lovejoy, along with his fourteen-year-old son and another companion, robbed a Society Bank in Toledo, Ohio on January 25, 1990. Lovejoy and his confederates fled the scene leading Toledo police officers on a high speed chase into Michigan. During the chase, Lovejoy crashed his automobile and when a gunfight erupted Lovejoy was injured. A paramedic team transported Lovejoy by ambulance to the nearest hospital, where federal authorities later arrested him.
 
 
 3
 Since the district court granted summary judgment based upon, in essence, a procedural defect, a brief review of the procedural posture of this case is appropriate. Shortly after Lovejoy commenced this suit the defendants served upon him a request for admissions. Defendants later moved for summary judgment based upon, among other things, Lovejoy's failure to respond to the request for admissions. Lovejoy's failure to respond resulted in default admissions. Lovejoy also failed to respond to the motion for summary judgment.
 
 
 4
 The district court granted the defendants' motion and Lovejoy appealed. This court vacated and remanded the district court's decision finding that the district court improperly granted summary judgment solely on the basis of Lovejoy's failure to respond to defendants' motion for summary judgment. Lovejoy v. Owens, No. 92-4207 (6th Cir. Mar. 21, 1994) (unpublished).
 
 
 5
 On remand, the district court granted Lovejoy thirty days to respond to the motion for summary judgment. Lovejoy responded to that motion and then attempted to withdraw the earlier default admissions. The defendants objected and the district court refused to permit Lovejoy to withdraw the default admissions. Consequently, the district court again granted the defendants' motion for summary judgment.
 
 II.
 
 6
 Lovejoy failed to respond to the request for admissions within the time limits established by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 36 governs admissions. Rule 36 provides in pertinent part:
 
 
 7
 (b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 ... the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits....
 
 
 8
 Fed.R.Civ.P. 36(b).
 
 
 9
 The district court commands considerable discretion in deciding whether to permit withdrawal or amendment of admissions, but that discretion must be exercised within the confines of the two part test of Fed.R.Civ.P. 36(b). American Automobile Association v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1119 (5th Cir.1991). In order for an admission to be withdrawn or amended the two part test requires that amendment or withdrawal assist in the presentation of the merits of the case, and that the party who obtained the admission not be prejudiced in its case. Fed.R.Civ.P. 36(b).
 
 
 10
 The first prong of the test articulated in Rule 36(b) is satisfied when preserving the admissions would practically eliminate any presentation of the merits of the case. Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir.1995). The questions submitted in the defendants' request for admissions addressed the core issues contested by the parties. For example, the request for admissions asked Lovejoy to admit he provoked and caused the defendants to shoot him by brandishing a weapon. Lovejoy's complaint, however, alleged he was shot in the back while fleeing unarmed. If the default admissions remain, Lovejoy will have admitted he put the lives of the officers in great danger. Such an admission defeats any claim Lovejoy has under § 1983 for excessive use of force. Permitting Lovejoy to withdraw or amend the admissions, therefore, satisfies the first prong of Rule 36(b) because amendment would undeniably facilitate the presentation of the merits of Lovejoy's case.
 
 
 11
 The second prong of the Rule 36(b) test requires that the party who obtained the admission not be prejudiced by a withdrawal or amendment in its case. The district court concluded the defendants would suffer "substantial unfair prejudice" were it to allow Lovejoy to amend the default admissions. We discussed a similar issue in Bartling v. Fruehauf Corp., 29 F.3d 1062 (6th Cir.1994). In Bartling, we were called upon to determine whether a district court's finding of a lack of prejudice was a conclusion of law, a mixed question of law and fact, or simply a question of fact. We concluded:
 
 
 12
 Prejudice with regard to an ineffective assistance of counsel claim implies that, but for a defense counsel's lack of competence, a criminal defendant would not have been convicted.... This involves an appraisal of the merits of the criminal defendant's case, which necessitates a legal analysis. On the other hand, a finding regarding prejudice in the context of the present case necessitates no legal analysis; it involves the purely factual finding of whether Plaintiffs are in a worse position because of the Defendants' delays than they would have been if the required documents had been timely disclosed.
 
 
 13
 Bartling, 29 F.3d at 1067 (emphasis added).
 
 
 14
 Although we did not discuss precisely the same issue, the reasoning in Bartling is applicable here and the district court's determination that the defendants would suffer substantial prejudice is therefore a finding of fact. A district court's findings of fact are subject to the deferential clearly erroneous standard. Fed.R.Civ.P. 52(a); Anderson v. Bessemer City, 470 U.S. 564, 573-75 (1985). A clearly erroneous finding of fact exists only when, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson, 470 U.S. at 573. We find no clear error here. See also Bueno v. Mattner, 829 F.2d 1380, 1384 (6th Cir.1987), cert. denied, 486 U.S. 1022 (1988).
 
 
 15
 Lovejoy did not respond to the requests pursuant to Fed.R.Civ.P. 36(a). Thus, by default, he admitted he provoked the defendants and caused them to shoot him and he admitted the defendants took good care of him, thereby negating his claim that the defendants used excessive force and denied him expedient medical care. Under these circumstances, Lovejoy has failed to assert a constitutional deprivation cognizable under § 1983.
 
 III.
 
 16
 In his complaint, Lovejoy also claimed the defendants violated the Uniform Criminal Extradition Act. On appeal Lovejoy claims the district court erroneously granted defendants' motion for summary judgment on the issue of extradition. Specifically, he contends that his pre-arrest transportation from Michigan to Ohio violated his right to extradition proceedings.
 
 
 17
 A state's duty to extradite a fugitive is rooted in the United States Constitution. U.S. Const. art. IV, § 2, cl. 2. A federal statute implements this constitutional provision, 18 U.S.C. § 3182 (1996), and at least forty-eight states have adopted various versions of the Uniform Criminal Extradition Act, which provides additional procedural safeguards for alleged fugitives.[1] "The plain meaning of both Article IV, Section 2, Clause 2, and § 3182 convinces us that the constitutional dimension of extradition exists only when demand is made by one jurisdiction for the surrender of a person in another jurisdiction." Ortega v. City of Kansas City, Kansas, 875 F.2d 1497, 1499 (10th Cir.1989), cert. denied, 493 U.S. 934 (1989). Thus, in the context of extradition, a § 1983 violation occurs when officials from the custodial state turn the prisoner over to officials of the first state without formal extradition proceedings. See Draper v. Coombs, 792 F.2d 915, 920 (9th Cir.1986).
 
 
 18
 Lovejoy fled from Ohio into Michigan with the Ohio authorities in hot pursuit. After suffering a gunshot wound, Lovejoy was transported via ambulance to a Toledo hospital where he was subsequently arrested by federal authorities. Because criminal suspects do not enjoy pre-arrest extradition rights, the violation of which give rise to a cause of action under 42 U.S.C. § 1983. Ortega, 875 F.2d at 1500, and because neither the Ohio nor Michigan authorities arrested Lovejoy, he had no right to extradition proceedings. Accordingly, we AFFIRM the decision of the district court granting defendants' motion for summary judgment.
 
 
 
 [1]
 Leslie W. Abramson, Extradition in America: Of Uniform Acts and Governmental Discretion, 33 Baylor L.Rev. 793, 793-94 (1981)