In re CAMERO ENTERPRISES, INC., Debtor.

Douglas N. Menchise, Trustee, Plaintiff,

v.

Robert Barber, Defendant.

Bankruptcy No. 92–7102–8G7.
Adversary No. 94–319.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 18, 1997.

Randolph A. Fabal, Randolph A. Fabal, P.A., Lutz, FL, for plaintiff.

Kevin H. Graham, Shumaker, Loop & Kendrick, Tampa, FL, for defendant.

## ORDER ON DEFENDANT ROBERT BARBER'S MOTION FOR SUMMARY JUDGMENT, AND ON PLAINTIFF'S MOTION TO ALLOW AFFIDAVIT TO SERVE AS AMENDMENT TO REQUEST FOR ADMISSIONS OR AS UNTIMELY REQUEST FOR ADMISSIONS

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court to consider Defendant Robert Barber's Motion for Summary Judgment. The Motion is directed to the Second Amended Complaint to Recover Avoidable Transfers and for Turnover filed by Douglas N. Menchise, as Trustee of the Chapter 7 estate of Camero Enterprises, Inc. The Second Amended Complaint contains three Counts. Count I is an action to avoid and recover preferential transfers pursuant to Section 547 and Section 550 of the Bankruptcy Code; Count II is an action to avoid and recover fraudulent transfers pursuant to Section 548 and Section 550 of the Bankruptcy Code; and Count III is an action for turnover of certain vehicles pursuant to Section 542 of the Bankruptcy Code. Robert Barber (the Defendant) contends that there is no genuine issue as to any material fact, and that he is entitled to the entry of a summary judgment in his favor with respect to each Count set forth in the Complaint.

Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides:

**Rule 56. Summary Judgment**

. . . . .

(c) **Motion and Proceedings Thereon.** . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In this case, the Defendant's Motion for Summary Judgment is supported by (1) an Affidavit of Robert Barber, the Defendant, and (2) the Defendant's Request for Admissions, which was served on the Plaintiff on August 6, 1996. The Defendant contends that the Plaintiff did not respond to the Request for Admissions within the time permitted by this Court, and that the matters included in the Request are therefore admitted pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, as made applicable by Rule 7036 of the Federal Rules of Bankruptcy Procedure.

### Background

The Defendant served the Request for Admissions on the Plaintiff on August 6, 1996.

On October 3, 1996, the Plaintiff filed an Objection to the Request for Admissions, and on October 4, 1996, the Plaintiff filed a Motion for Protective Order. In the Motion for Protective Order, the Plaintiff states that on August 22, 1996, Plaintiff's counsel had requested and received from the Defendant a forty-five day extension until October 3, 1996, within which to respond to the Request for Admissions. When the Defendant denied a request for an additional extension on October 2, 1996, the Plaintiff filed the Motion for Protective Order.

On October 9, 1996, the Defendant filed a Motion to Dismiss for Failure to Comply with Court Order and Motion to Compel Answers to Request for Admissions. In this motion, the Defendant requests, among other relief, that the Court order the Plaintiff to respond to the Request for Admissions.

A hearing was conducted on the motions on October 22, 1996. At the hearing, the parties agreed that the Plaintiff would re-

spond to the Request for Admissions by November 22, 1996.

On October 25, 1996, the Court entered an Order Granting Motion for Protective Order, which provided that the Plaintiff "shall respond to the Discovery on or as of November 22, 1996."

On October 29, 1996, the Court entered an Order granting the Defendant's Motion to Compel, and ordered the Plaintiff to "fully respond, without objection, to Barber's Request for Admissions on or before November 22, 1996."

The Plaintiff did not respond to the Request for Admissions on or before November 22, 1996.

On December 9, 1996, the Defendant filed his Motion for Summary Judgment. In his Memorandum in support of the Motion for Summary Judgment, the Defendant states:

> The Trustee has filed a separate adversary proceeding against the corporation owned by Barber, Top Value Auto Sales, Inc. (hereinafter "Top Value"), styled: *Douglas N. Menchise, Chapter 7 Trustee, vs. Top Value Auto Sales, Inc.*, Case No. 94–325 (hereinafter the "Top Value Litigation"). The Trustee has urged that the legal distinction between Barber and the corporation owned by him, Top Value, be disregarded and that the extended one-year preferential transfer reachback recovery period set forth in 11 U.S.C. § 547(d)(4)(B) be applied to the facts of this adversary proceeding. See Second Amended Complaints at Paragraph 17. For the purposes of this Motion only, Barber will assume that Barber and Top Value are one and the same and that the one-year reachback period applies.

> Barber relies on the Memorandum of law filed in Top Value Litigation and incorporates the same into this Memorandum *in toto*.

On pages 7 and 8 of Top Value's Motion, Top Value discusses the Request for Admissions, and asserts that the Plaintiff did not respond to the Request on or before November 22, 1996, in accordance with the Court's prior orders. Top Value therefore asserts that each of the matters contained in the Request is deemed admitted pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure. Robert Barber, the Defendant in this adversary proceeding, also asserts that the Plaintiff did not respond to the Request for Admissions by November 22, 1996, and that the matters contained in the request are therefore deemed admitted.

The Defendant's Motion for Summary Judgment was scheduled for hearing on February 4, 1997. No written response to the Motion for Summary Judgment was filed with the Court prior to the hearing. It appears, however, that a "Motion to Allow Affidavit to Serve as Amendment to Request for Admissions or as Untimely Request for Admissions," together with an Affidavit of the Chapter 7 Trustee, was served by the Plaintiff by facsimile on Defendant's counsel on February 3, 1997, the day prior to the hearing. The Motion and Affidavit were filed with the Court during the hearing on February 4, 1997. In the Motion, the Plaintiff acknowledges that a response to the Request for Admissions had not been served or filed by the Plaintiff, but that the Plaintiff has documentary evidence to support some of the allegations of its Complaint.

### Discussion

Rule 36 of the Federal Rules of Civil Procedure, as made applicable by Rule 7036 of the Federal Rules of Bankruptcy Procedure, provides in part:

**Rule 36. Requests for Admission**

  **(a) Request for Admission.**

.    .    .    .    .

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29,

the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

.    .    .    .    .

**(b) Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.... [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

■ The purpose of this Rule is to enable the parties and the court to narrow or eliminate issues in a case. *In re Ladouceur,* 1996 WL 596718 (N.D.N.Y.). Pursuant to the Rule, it is generally held that statements contained in a request for admission are admitted where a party fails to respond or responds untimely. *In re Ladouceur,* at *3. Although a court in its discretion may allow a party to withdraw or modify its previous admissions, provided the two conditions set forth in subsection (b) of Rule 36 are satisfied, this discretion is comprehensive, and a court is not required to permit such withdrawal or modification even after considering all relevant factors. *Id.* at *3–4. The discretion is comprehensive in view of "the essential nature of the court's power 'to narrow issues and speed the resolution of claims.'" *Id.* citing *Donovan v. Carls Drug Co.,* 703 F.2d 650, 652 (2d Cir.1983).

■ In this case, the Court determines that the matters contained in the Defendant's Request for Admissions are deemed admitted and conclusively established pursuant to Rule 7036(a) and (b), based upon the Plaintiff's failure to respond to the Request.

■ The Court concludes that it is not appropriate to provide the relief from the deemed admissions as sought by the Plaintiff in its Motion to Allow Affidavit to Serve as Amendment, which was filed at the hearing on the Motion for Summary Judgment. This is not a circumstance where a party responded to a request for admissions, but answered improvidently, and now seeks to amend its answer. Rather, this is a circumstance where the Plaintiff knew of the Request, obtained extensions to respond, attended a hearing in which the Request was the primary issue, and was directed by specific court orders to respond by a fixed date, yet nevertheless did not provide even partial answers to the Request within the time fixed by the Court. Further, the Defendant's Motion for Summary Judgment clearly relies on the Plaintiff's deemed admissions. Even after receiving the Motion in early December of 1996, the Plaintiff did not answer the Defendant's Request for Admissions, did not serve the "Motion to Allow Affidavit to Serve as Amendment" until February 3, 1997, and did not file the Motion until the hearing on the Defendant's Motion for Summary Judgment. The Plaintiff clearly had fair opportunities to respond to the Request. Given these circumstances, the Court concludes that the Defendant should be entitled to rely on the Plaintiff's deemed admissions, and that the Court should exercise its discretion to narrow or eliminate the issues in this case in accordance with the purpose of Rule 36.

The Plaintiff's "Motion to Allow Affidavit to Serve as Amendment to Request for Admissions or as Untimely Request for Admissions" should be *denied.*

**Conclusion**

As set forth above, the Plaintiff's Second Amended Complaint consists of an action to avoid and recover preferential transfers, an action to avoid and recover fraudulent transfers, and an action for turnover of certain vehicles.

The Defendant contends that the Plaintiff may not avoid the transfers as prefer-

ential transfers because they were contemporaneous exchanges for new value as set forth in Section 547(c)(1) of the Bankruptcy Code, or because the Defendant gave new value to the Debtor after the transfers as set forth in Section 547(c)(4) of the Bankruptcy Code, so that the transfers fall within the stated exceptions to the Plaintiff's avoiding powers. Further, the Defendant contends that the Plaintiff may not avoid the transfers as fraudulent transfers because the Debtor did not "receive less than a reasonably equivalent value in exchange for" the transfers, so that this required element of a cause of action under Section 548 is not present in this case and the transfers may not be avoided as fraudulent conveyances. The basis of this contention is that the Debtor's repayment of advances constituted the satisfaction of a present debt as contained in the meaning of value set forth in Section 548(d)(2)(A) of the Bankruptcy Code. Finally, as to the turnover action under Section 542, the Defendant denies that he has retained possession of the vehicles, and also denies that the vehicles are property that the Trustee can use, sell, or lease, so that the vehicles are not subject to turnover to the Plaintiff.

The Defendant contends that each of these defenses and assertions is conclusively established by virtue of the matters deemed admitted pursuant to the Plaintiff's failure to respond to the Request for Admissions, or by the Affidavit of the Defendant.

The Plaintiff does not assert that the Request for Admissions is inadequate to establish the Defendant's defenses if all of the matters set forth in the Request are deemed admitted.

Accordingly, for the reasons discussed above, the Court concludes that the Defendant is entitled to the entry of a Summary Judgment in his favor with respect to all Counts of the Plaintiff's Second Amended Complaint.

Therefore:

**IT IS ORDERED** that:

1. The Plaintiff's Motion to Allow Affidavit to Serve as Amendment to Request for Admissions or as Untimely Request for Admissions is denied.

2. The Defendant Robert Barber's Motion for Summary Judgment is granted.

3. A separate Final Judgment shall be entered in accordance with this order.