In re Vincent M. DEDOMENICO,
Debtor.

Laura Gomez Eastwood, Plaintiff,

v.

Vincent M. DeDomenico, Defendant.

Bankruptcy No. 01–10563.
Adversary No. 01–1077.

United States Bankruptcy Court,
N.D. California.

May 15, 2002.

Memorandum on reconsideration
July 1, 2002.

David N. Chandler, Law Offices of David N. Chandler, Santa Rosa, CA, for Debtor.

Reidun Stromsheim, Law Offices of Stromsheim and Assoc., San Francisco, CA, for Trustee.

## Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

Plaintiff Laura Eastwood and debtor and defendant Vincent DeDomenico were married from 1986 to 1991. DeDomenico is from a wealthy family; Eastwood has since remarried into a wealthy family.

In 1995, the parties entered into a stipulated judgment resolving their property rights. Under the judgment, DeDomenico was ordered to pay Eastwood an equalizing payment of $1,122,157.00, attorneys' fees of $27,161.25, and an additional $170,000.00 denominated as "a non-taxable property division" but in fact unpaid spousal support. In this adversary proceeding, Eastwood seeks a determination that DeDomenico's obligations under the judgment are nondischargeable.

Prior to his marriage to Eastwood, DeDomenico had inherited a large sum from his family. However, he spent most of it or lost it to bad investments or failed business ventures, so that he had little left when he filed his Chapter 7 petition on March 14, 2001.

DeDomenico has no significant skills or education beyond high school. He is employed as an assistant to his father operating a small tourist railroad. He is paid about $48,000.00 in salary by his father, and receives additional assistance from his parents to care for and educate his two children from his second marriage. His parents have purchased his residence from the bankruptcy estate and rent it to him at a below-market rate. They also supply him and his wife with vehicles. His total income, giving value to the support from his parents in addition to his salary, is probably in the range of $75,000 to $80,000 per year. He has no income whatsoever in excess of his expenses. It is very unlikely he could earn anything close to this amount working for anyone else.

■ It appears that the equalizing payment in the dissolution judgment is dischargeable under § 523(a)(15)(A) of the Bankruptcy Code, in that DeDomenico clearly does not have the ability to pay even a small part of the obligation. Eastwood urges the court to consider his parents' wealth in determining DeDomenico's ability to pay, but the statute clearly provides that the debt is discharged if the debtor has no ability to pay it from income or property of the debtor. DeDomenico has no present or contingent future interest in any of his parents' property. Their wealth alone does not make his debt to Eastwood nondischargeable.

■ On the other hand, the evidence supports Eastwood's contention that $170,000.00 of the judgment was for unpaid spousal support, even though it was otherwise denominated in the stipulated judgment. Obligations for spousal support

are nondischargeable pursuant to § 523(a)(5) of the Code. The designation of an item in a settlement or decree as support or division of property is not dispositive. *In re Seixas,* 239 B.R. 398, 402 (9th Cir. BAP 1999). Even an obligation designated as a property settlement may actually be a support obligation. *In re Gianakas,* 917 F.2d 759, 763 (3rd Cir.1990). While the evidence on this issue is thin, Eastwood's testimony and the fact that the obligation was treated separately from the equalizing payment convince the court that this part of the judgment was for past due support and was denominated as a property division for tax purposes.

For the foregoing reasons, the court will enter a judgment declaring that $170,000.00 of the state court decree, together with interest thereon, is nondischargeable and the balance of the obligations in that decree have been discharged. Eastwood shall recover her costs of suit. This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Eastwood shall submit an appropriate form of judgment forthwith.

### Memorandum on Motion for Reconsideration and Countermotions

The complaint in this matter alleged that the debtor Vincent DeDomenico's obligations under a marital dissolution decree were nondischargeable pursuant to § 523(a)(15) of the Bankruptcy Code. After trial, the court found that the obligations were dischargeable under that section. However, the court noted evidence establishing that a portion of the decree was for disguised past due support. Seeking to do justice and assuming, as is far too often the case, that the parties had simply missed the issue, the court found that $170,000.00 was nondischargeable under § 523(a)(5).

DeDomenico has moved the court for reconsideration of its decision. He points out that during discovery prior to trial he had specifically asked for and received a formal admission that the decree of the state court did not include any sums due "which are of the kind described in 11 U.S.C. § 523(a)(5)." In response, plaintiff Laura Eastwood has made a counter-motion for leave to withdraw her admission and amend her complaint.

The law applicable to withdrawal of an admission has been clearly set forth in *Sonoda v. Cabrera,* 255 F.3d 1035, 1039 (9th Cir.2001): [T]wo requirements must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal. The party who obtained the admission has the burden of proving that allowing withdrawal of the admission would prejudice its case. *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir.1995). The prejudice contemplated by 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of the truth; rather, it relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay.

DeDomenico has not established the sort of prejudice necessary to bar Eastwood from withdrawing her admission. The only prejudice he has established is the expense of further discovery and trial, which the court believes he has overstated. If the debt in question is in fact unpaid support, it ought to be nondischargeable and the matter should be decided on the merits.

While the court has decided to conditionally grant Eastwood's counter-motions, she must bear at least part of the cost of her improvident admission. Moreover, it would be unfair to DeDomenico, in light of the admission, to adjudicate the matter without affording him a further trial on the

issue. Accordingly, the court will order as follows:

1. Eastwood shall have until July 15, 2002, to pay to DeDomenico's counsel the sum of $3,500.00. If she pays this sum by that date, her motion to withdraw her admission and amend her complaint will be granted and a new trial will be held solely on the issue of nondischargeability of the $170,000.00 pursuant to § 523(a)(5) of the Bankruptcy Code. Immediately after said payment counsel for Eastwood shall notice a scheduling conference.

2. Eastwood shall bear all costs (including reasonable travel costs but not including attorneys' fees) associated with the re-deposition of any party whom DeDomenico deposed after receiving the withdrawn admission.

3. If Eastwood fails to make the payment described in paragraph 1 above by the time specified, then DeDomenico's motion for reconsideration will be deemed granted and Eastwood shall recover nothing on her complaint which will be dismissed, with prejudice, and DeDomenico shall recover his costs of suit.

Counsel for Eastwood shall submit an appropriate form of order conditionally granting her counter-motions and incorporating all of the above provisions.