In re OTTAWA RIVER
STEEL, Debtor.

Elizabeth Vaughan, Trustee, Plaintiff,

v.

Meridian National Corp.,
et al., Defendant.

No. 03–3252.

United States Bankruptcy Court,
N.D. Ohio.

March 16, 2005.

Kurt Lindower, Hunter & Schank, Toledo, OH, for Elizabeth A. Vaughan, Trustee.

Don W. Blevins, Troy, MI, Patricia B. Fugee, Toledo, OH, Howard S. Sher, Troy, MI, for defendants.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

Before this Court is the Plaintiff's request for admission under Rule 36 of the

Federal Rules of Procedure, made fully applicable to this proceeding by Bankruptcy Rule 7036. The underlying complaint is brought to recover money, with the complaint setting forth multiple counts in support. With the presumption that her requests for admission will be deemed admitted, the Plaintiff also filed a Motion for Summary Judgment on one of the grounds underlying her complaint: the recovery of a preference pursuant to § 547. On the issue of admission under Rule 36, all the Parties involved were afforded the opportunity to brief the Court in support of their respective position, which they have now done. After reviewing the arguments presented by the Parties, the Court finds that the Plaintiff's request for admission should be Denied.

## DISCUSSION

Although having now submitted its responses, the Plaintiff's request for admission is based upon the Defendants' failure to timely tender responses to those questions she submitted under the authority of Rule 36 of the Federal Rules of Procedure, entitled "Requests for Admission." As the action underlying this matter is one to recovery money for the benefit of the estate, this is a core proceeding over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. § 157.

■ Federal Rule of Procedure 36 permits a party to request the admission of matters which are otherwise discoverable. The purpose of the Rule is to facilitate the litigation process though identifying those issues which are not contested, thereby narrowing those matters which eventually need to be presented at trial. *T. Rowe Price Small–Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y.1997). As a part of facilitating the litigation process, Rule 36 limits a party's response time. In the absence of intervention, whether by the parties agreeing to a different deadline in writing or by the court entering an order extending the deadline, the time period in Rule 36 is set at 30 days. The sanction for not answering within the prescribed time period is straightforward: the matter for which an admission was requested is deemed to be admitted.

In opposition to the applicability of this sanction, the Defendants raise three defenses: (1) that there exists an agreement in writing to extend the 30–day time limit of Rule 36; (2) that the scope of the Plaintiff's requests for admission is beyond that allowed by Rule 36; and (3) that even if the Plaintiff's requests for admission should be deemed admitted, the circumstances of this case also meet the criteria for this Court to permit the withdrawal of the admissions. For the reasons now explained, the Court finds the Defendants' arguments with regards to the latter defense dispositive.

■ Matters admitted on the basis of a party failing to respond to a request for admission within the prescribed time period are, for evidentiary purposes in that case, deemed conclusively established. At the same time, federal policy still favors deciding issues based upon the actual merits of the case, and not on the basis of procedural niceties. Paragraph (b) of Rule 36 helps to implement this policy by permitting the withdrawal of those matters deemed admitted if two conditions are met: (1) presentation of the merits of the action would be subserved; and (2) the party who obtained the admission will not be prejudiced by the withdrawal.

■ The first of the above elements encapsulate the Rule's limited breadth: that requests for admission under Rule 36 are not to be used as a method to obtain unknown information; but are instead simply a device to remove from the table issues for which there is no dispute. As elaborated upon in *Pickens v. Equitable*

*Life Assurance Soc.*: "Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove. Accordingly, requests for admissions as to central facts in dispute are beyond the proper scope of the rule." 413 F.2d 1390, 1393–94 (5th Cir.1969).

■ To this end, it has been held that the "first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir.1995).[1] Still, a necessary point of distinction is helpful here: this does not mean that issues central to a proponent's case are improper when sought in the context of Rule 36; only that the first half of Rule 36(b)'s test is satisfied when it involves the admission of core issues *which are directly contested by the parties. Lovejoy v. Owens,* 86 F.3d 1156 (Table), 1996 WL 287261 *2 (6th Cir.1996) (emphasis added). Thus, as pointed out by the Plaintiff, it is still permissible to request an admission for a matter involving a mixed question of law and fact (but not a purely legal question); also, the fact that an admission may eventually prove decisive is not, by itself, a ground for objection.

■ Looking now at this case, central to the Plaintiff's complaint to recover money—which among other things sets forth a cause of action for a preference under § 547 and a fraudulent transfer under § 548—are two matters: (1) the degree and the scope of control the Defendants, whether directly or indirectly, exercised over the Debtor; and (2) the timing of certain transfers made by the Debtor while under the Defendants' control. Since filing their answer to the Plaintiff's complaint, the Defendants have consistently denied the Plaintiff's allegations concerning these two matters. Yet, when bearing this in mind, many of those questions the Plaintiff propounded under Rule 36 to the Defendants, and the one's which she specifically seeks to be deemed admitted, also go directly to these same two core issues. For example, the Defendants were requested to admit whether they were "affiliates" or "insiders" as defined in the Bankruptcy Code, as well as being asked to admit to specific aspects surrounding transfers made by the Debtor. (Doc. Nos.40–51).

Viewed together then, it easily follows that if the Defendants are now deemed to have made admissions concerning the above two matters, the Defendants will be precluded from litigating issues which form a crucial component of their defense against Plaintiff's complaint. Permitting, therefore, the Defendants to withdraw or amend the Plaintiff's requests for admission satisfies the first prong of Rule 36(b)'s test because it would undeniably facilitate the presentation of the merits of their case. In fact, the Plaintiff impliedly acceded to this conclusion through her Motion for Summary Judgment wherein it was acknowledged, in a supporting memorandum, that, "Defendants are accurate in their statement that Plaintiff relies upon the deemed admission in support of her Motions for summary judgment."(Doc. No. 83, at pg. 5).

■ Attention now shifts to the second half of Rule 36's requirements for withdrawal: the existence of any prejudice which would befall the party benefitted by the admission. As it pertains to this requirement, the Sixth Circuit Court of Appeals held that "[t]he prejudice contem-

---

1. In an unpublished opinion, the Sixth Circuit Court of Appeals, in citing to this case, applied this standard. *Riley v. Kurtz,* 194 F.3d 1313 (Table), 1999 WL 801560 *3 (6th Cir. 1999).

plated by [Rule 36(b)] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 154 (6th Cir.1997). (internal quotation marks omitted). Rather, prejudice under Rule 36(b) "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Id.* The Sixth Circuit also set forth that the party who obtained the admission has the burden of proving that allowing withdrawal of the admission would prejudice its case. *Id. See also Eastwood v. DeDomenico (In re DeDomenico),* 286 B.R. 775, 777 (Bankr. N.D.Cal.2002).

In support of her burden, the Plaintiff did not make any specific arguments concerning the difficulties she would encounter if the Defendants' deemed admissions were allowed to be withdrawn—e.g., witnesses or documentary evidence suddenly becoming unavailable. And, as pointed out by the Defendants, it is established that the burden of showing prejudice may not be met by simply showing an inconvenience with having to litigate a matter after having filed a motion for summary judgment in reliance upon certain admissions being deemed admitted *Federal Deposit Ins. Corp. v. Prusia,* 18 F.3d 637, 640 (8th Cir.1994). *See also Lucas v. Higher Educ. Assistance Foundation (In re Lucas),* 124 B.R. 57, 58 (Bankr.N.D.Ohio 1991) (stating that "courts are particularly responsive to allowing late answers to requests for admission when summary judgment is involved.").

Rather, in support of her burden, the Plaintiff relies on the conclusion that the Defendants' conduct during the course of discovery has been dilatory, and the attendant cost the estate will incur as a result. (Doc. No. pgs. 9–12). In the words of the Plaintiff:

Defendants' dilatory conduct throughout this case suggest that there may never be a full and fair presentation of the case on its merits because they appear inclined to refuse to provide any factual evidence, and in fact, their proposed later answers and responses to the discovery requests suggest that at least some of the Defendants may not even have responsive documents and that all of them remain inclined to not answer even the simplest of questions.

(*Id.,* at pg. 11). In sum then, it is the Plaintiff's position that relief should not be afforded to the Defendants because they "have throughout this action sought to delay the Plaintiff in her efforts to obtain information and have failed to provide factual information and documents." *Id.*

■ Normally, if a party believes improper delaying tactics exist, the Federal Rules contemplate the use of Rule 11 to handle the matter; the relevant language thereunder providing that in "later advocating" a matter before a court, a party represents that it is not being pursued for any "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[.]" Fed. R.Civ.P. 9011(b)(1). Notwithstanding, withdrawal under Rule 36 is still essentially an equitable matter, and thus may be denied when, as the Plaintiff argues, a party engages in conduct that is not commensurate with the equitable relief sought. *Accord Branch Banking & Trust Co. v. Deutz–Allis Corp.,* 120 F.R.D. 655, 658 (E.D.N.C.1988). This is true even if both of the requirements for withdrawal under paragraph (b) of Rule 36 have otherwise been met. *Menchise v. Barber (In re Camero Enterprises, Inc.),* 240 B.R. 446, 449 (Bankr.M.D.Fla.1997).

■ Upon reviewing the matter, however, the weight of those considerations presented do not support the view that

equitable principles would be subverted if this Court were to grant the Defendants' request and allow the withdrawal of those admissions previously deemed admitted. This is not to say that the Defendants' conduct during the course of discovery appears to have been entirely exemplary; to the contrary, certain things do trouble the Court, which will in the future justifying a heightened level of scrutiny. For example, the Defendants have apparently made a practice of waiting until the last minute to comply with discovery requests, and even then, despite having the full allotted time, do not appear to have always made a good-faith effort to provide complete information. On the other hand, and leaving it at that, the decelerated progression of this case does not appear to be an entirely one-sided affair. Thus, when all things are put on balance, it is inappropriate at this time to make a finding that, during the course of discovery, the Defendants' conduct rose to a sufficiently culpable level to justify denying them the equitable relief sought.

Therefore, in conclusion, it is the decision of this Court that, in accordance with the requirements of paragraph (b) of Rule 36, the circumstances presented in this matter support the withdrawal of the Plaintiff's requests for admissions which, because of untimeliness, would have otherwise been deemed admitted under paragraph (a). Having reached this conclusion, the Court at this time declines to address the other two arguments put forth by the Defendants in support of their position. Additionally, based upon this decision, those responses subsequently submitted by the Defendants shall now constitute their answers to the Plaintiff's requests for admission. The Plaintiff, however, has also objected to the appropriateness of these responses for the reason that they do not comport with the standard set forth in Rule 36. Therefore, in order to address her objection, and so as to expedite this matter for Trial, a further PreTrial will be scheduled in this matter.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Plaintiff's Request for Admission, be, and is hereby, DENIED.

It is **FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment as to the § 547 claim, be, and is hereby, DENIED.

It is **FURTHER ORDERED** that this matter is hereby set for a Further Pre-Trial, to be held on Tuesday, March 29, at 12:00 P.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.