Ollie B. HADLEY, Plaintiff–Counterclaim–Defendant–Appellant,

v.

UNITED STATES of America, Defendant–Counterclaimant–Appellee.

No. 93–56721.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1994.

Decided Jan. 23, 1995.

Robert B. Schachter and William Beverly, Hitchcock, Bowman, Schachter & Beverly, Torrance, CA, for plaintiff-counterclaim-defendant-appellant.

Sarah K. Knutson and Linda Mosakowski, Tax Div. U.S. Dept. of Justice, Washington, DC, for defendant-counterclaimant-appellee.

Before: FLETCHER, BOOCHEVER, and FERNANDEZ, Circuit Judges.

BOOCHEVER, Circuit Judge:

Ollie B. Hadley was assessed a penalty in the amount of $218,032 for willful failure to pay delinquent withholding taxes under 26 U.S.C. § 6672. The government filed a claim to reduce that assessment to judgment. During the course of pretrial discovery, the government served a request for admissions on Hadley. Hadley failed to respond within 30 days, and the matters were deemed admitted under Fed.R.Civ.P. 36(a). The deemed admissions amounted to a complete admission of liability for willful failure to pay the taxes under § 6672. Hadley filed a mo-

tion to withdraw the deemed admissions under Fed.R.Civ.P. 36(b), but the district court denied the motion and entered judgment against Hadley for the delinquent taxes. Hadley now appeals the denial of his motion to withdraw the deemed admissions. We find that the district court erred in denying his motion, and we reverse.

### FACTUAL BACKGROUND

The Central City Community Mental Health Center ("the Center") was a nonprofit corporation which supplied mental health services in the Los Angeles area. In November or December, 1982, the Center appointed Ollie B. Hadley to be its Interim Executive Director for a three-month period. In April, 1983, Hadley became the official Executive Director and retained that position until his contract was terminated on June 30, 1983.

In the first quarter of 1983, the Center failed to pay over to the government $212,474 in federal employment taxes withheld from the wages of the Center's employees. During the second quarter of 1983, however, while Hadley was the official Executive Director, all tax deposits were made as required by law. Hadley was assessed a penalty in the amount of $212,474 as a person responsible under 26 U.S.C. § 6672 for willful failure to pay over the taxes for the first quarter of 1983.[1] Hadley paid a portion of the assessment and commenced this refund action. The government filed a counterclaim seeking to reduce the assessment to judgment.

Before trial, on June 8, 1993, the government served Hadley with a set of Requests for Admissions, a set of Interrogatories, and a Notice of Taking Deposition of Hadley. The government's Requests were served after the cut-off date set by the court. Hadley failed, however, to object to the late service. Hadley's deposition proceeded as noticed on

June 30, 1993, and was completed on July 16, 1993.

The Request for Admissions contained 25 specific requests, two of which asked for responses concerning the two ultimate issues in the case, namely, whether Hadley was a "responsible person" and whether the failure to pay over the taxes was "willful" under § 6672:

22. Ollie B. Hadley was a person required to collect, truthfully account for, and pay over to the United States social security and federal income taxes which were withheld from employees of the Corporation, for the period in issue as provided by 26 U.S.C. § 6672.

23. Ollie B. Hadley willfully failed to collect, truthfully account for or pay over to the United States social security and federal income taxes which were withheld from employees of the Corporation for the period in issue as provided by 26 U.S.C. § 6672.

Hadley's answers were due to be filed and served on July 8, 1993, but they were not served until August 14, 1993. Because the responses were not given within 30 days of the request, pursuant to Fed.R.Civ.P. 36 ("Rule 36"), the admissions requested by the government were deemed admitted.

Hadley filed a motion to withdraw the deemed admissions, and a hearing was held on the motion on September 20, 1993. This was the same date that the pretrial conference order was to be filed by the parties, and it was one week before the pretrial conference was to occur.

At the hearing, the district court denied Hadley's motion to withdraw the admissions. The court held that under Rule 36, requests for admissions were deemed admitted by failure to answer within 30 days, and that withdrawal of the admissions would prejudice the government. The denial of Hadley's motion

---

1. Section 6672 of the Internal Revenue Codes provides, in relevant part:

Any person required to collect ... and pay over any tax ... who willfully fails to collect such tax, or truthfully account for and pay over such tax ... shall ... be liable to a penalty equal to the total amount of the tax ... not collected, or not accounted for and paid over.

26 U.S.C. § 6672 (1989).

In order for a party to be liable for a penalty for failure to pay over taxes under § 6672, two requirements must be met: (1) the party must have been a "responsible person," and (2) the party must have "willfully" failed to pay over the taxes. *Teel v. United States,* 529 F.2d 903, 905 (9th Cir.1976).

effectively disposed of all the issues in the underlying action because the deemed admissions established that Hadley was both a "responsible person" and "willful" under § 6672. The admissions, therefore, permitted full recovery by the government on its counterclaim for the delinquent taxes.

Upon the district court's recommendation, the parties entered into a stipulated judgment against Hadley in the amount of $212,-474 (plus statutory accruals and additions), with Hadley preserving the right to appeal the district court's denial of his motion to withdraw the admissions. Pursuant to the stipulation, the district court entered judgment against Hadley and in favor of the government in the total amount of $404,354.

## DISCUSSION

■ A district court's denial of a motion to withdraw or amend an admission is reviewed for an abuse of discretion. *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir.1985).

### A. *Rule 36(b)*

■ Under Rule 36(a) of the Federal Rules of Civil Procedure, if a party fails to answer a request for admissions within 30 days, the requested items are deemed admitted. Any matter thus admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Rule 36(b) provides, in pertinent part:

> ... [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Two requirements, therefore, must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal.

### 1. *Presentation of the Merits*

■ The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case. In the case at bar, the district court found, and the government did not dispute, that a denial of Hadley's motion to withdraw the admissions would eliminate a determination of the merits. The admissions Hadley sought to withdraw, Admissions 22 and 23 in particular, essentially admitted the necessary elements of "responsibility" and "willfulness" under 26 U.S.C. § 6672. Therefore, the first prong of the test in Rule 36(b) is satisfied here because withdrawal of the admissions would certainly facilitate a presentation of the merits of Hadley's case.

The government argues, however, that withdrawal of the admissions would result in prejudice to the government's case. Thus, the propriety of a withdrawal of the admissions turns on the second requirement in Rule 36(b).

### 2. *Prejudice to the Government*

■ The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence" with respect to the questions previously deemed admitted. *Brook Village N. Assocs. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir.1982). The party who obtained the admission has the burden of proving that withdrawal of the admission would prejudice the party's case. *See FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir.1994).

■ Courts are more likely to find prejudice when the motion for withdrawal is made in the middle of trial. *See 999*, 776 F.2d at 869; *American Auto. Assoc. v. AAA Legal Clinic*, 930 F.2d 1117, 1120 (5th Cir.1991); *Brook Village*, 686 F.2d at 71. "Once trial begins, a more restrictive standard is to be applied in permitting a party to withdraw" an admission, especially when the other party

has "relied heavily" on the admission. *999*, 776 F.2d at 869.

■ Although Hadley's motion to withdraw the deemed admissions was made before trial, the government argues that it would be prejudiced nonetheless. The government claims that it had a prior affidavit executed by Hadley which was corroborative of the admissions and contrary to the denials that Hadley sought to file.[2] The government states that at Hadley's deposition, the government's questions regarding the affidavit were limited to establishing that Hadley signed it and that the affidavit was true and correct. The government argues, and the district court agreed, that there would have been much more "vigorous cross-examination on many points" during the deposition had Hadley timely filed his responses denying the admission requests.

We, however, fail to see how the government's case would have been prejudiced by a withdrawal of Hadley's deemed admissions. Even if the affidavit had contained statements that directly corroborated the admissions,[3] the government had the affidavit available for trial. If Hadley had denied liability at trial, the government could have cross-examined him with the affidavit itself. We conclude that the government's case was not prejudiced in the taking of Hadley's deposition by the withdrawal of the deemed admissions of liability.

The government also maintains, however, that had the responses to the admissions been timely, the government would have had the opportunity to engage in much more extensive trial preparation. Although the government would not have been able to depose any of the witnesses that Hadley in his responses indicated would offer evidence contrary to the admissions,[4] the government could have conducted informal discovery and interviews of those witnesses. Because the government was not given that opportunity, it argues that withdrawal of the deemed admissions, after its reliance on them, would be prejudicial to its case.

We find, however, that the inconvenience the government may have suffered by the withdrawal of the admissions did not rise to a level of prejudice that justified a denial of the withdrawal motion. Cases finding prejudice to support a denial generally show a much higher level of reliance on the admissions.

In *999 v. C.I.T. Corp.*, 776 F.2d 866 (9th Cir.1985), for example, C.I.T.'s motion for withdrawal of its admission was denied in part because the motion was not made until the middle of trial when 999 had nearly rested its case. The record revealed that 999 had relied heavily on the admission and had even shown the admission to the jury through an enlarged duplicate with no objection made by C.I.T. The court found sufficient prejudice to deny the motion to withdraw the admission. Hadley, on the other hand, made his motion to withdraw prior to the Pretrial Conference, and the government's reliance on the deemed admissions was not at all comparable to the heavy reliance found in *999*.

In *Puerto Rico v. S.S. Zoe Colocotroni*, 628 F.2d 652 (1st Cir.1980), *cert. denied*, 450 U.S. 912, 101 S.Ct. 1350, 67 L.Ed.2d 336 (1981), the court found that the plaintiffs' trial preparation was materially prejudiced when the defendants initially admitted liability, lured the plaintiffs into a false sense that the liability issue was settled, caused the plaintiffs to cancel scheduled depositions, and then recanted the admissions. In Hadley's case, the government proceeded with its scheduled depositions and arguably covered all the areas

---

2. For example, in paragraph 1 of the affidavit, Hadley stated he was charged with running the day-to-day operations of the Center, but he denied this in his admission responses.

3. This is an assumption we make solely for the sake of argument. We are not at all convinced that the affidavit was so corroborative of the deemed admissions that it amounted to an admission of liability in the same way that the deemed admissions did.

4. The government would have been unable to depose such witnesses because a deposition requires ten days' notice, and had Hadley responded on the last possible day, only seven days would have remained to complete discovery. This is because the court had ordered that discovery was to be completed by July 15, 1993.

which were raised in the request for admissions.

Therefore, we find that the government has not carried its burden of proving that a withdrawal of the admissions would prejudice its case. Because a presentation on the merits would have been subserved and because the government would not have been prejudiced by the withdrawal, we conclude that the district court abused its discretion in denying the motion to withdraw the deemed admissions under Rule 36(b).

### B. *Lesser Sanctions*

■ The district court's denial of Hadley's motion resulted in the sanction of an effective dismissal of his case and a judgment against him in the amount of $404,354 (including interest) for willful failure to pay over withholding taxes under § 6672, without his ever having had the opportunity to defend his case. For discovery violations, "a court should not go beyond the necessities of the situation to foreclose the merits of controversies as punishment." *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 619 (9th Cir. 1985). This is especially true in the context of § 6672, which the Supreme Court has recognized "was not intended to impose liability without personal fault." *Slodov v. United States*, 436 U.S. 238, 254, 98 S.Ct. 1778, 1788, 56 L.Ed.2d 251 (1978). There was no determination of personal fault on the merits of the case here, however, because of the refusal to allow the withdrawal of the deemed admissions.

A number of less severe alternatives would have been available and effective in this case. The court could have ordered Hadley or his attorney to pay a substantial monetary fine and/or the government's increased costs and expenses. The government also could have been offered additional time to prepare its case if necessary.

Moreover, in determining whether and to what extent Hadley should have been sanctioned, the district court should have considered the government's own discovery violation in serving the requests for admissions after the cut-off date set by the court. An argument may be made that Hadley had no obligation to respond to the requests because

they themselves were served late. Hadley, however, upon receiving the requests did not promptly object or move for a protective order under Fed.R.Civ.P. 26(c), and in the absence of doing so, was under a duty to respond. *See* 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2035 at 481 (2d ed. 1994). Nevertheless, we believe that the government's own tardy service was a factor for the district court to consider in determining whether to sanction Hadley for his late response.

### CONCLUSION

Because the denial of Hadley's motion to withdraw the admissions entirely precluded a resolution of the case on its merits, and because the government's case was not prejudiced, we find that Hadley's motion should have been granted. Accordingly, we reverse the judgment of the district court and remand the case for further proceedings.

**REVERSED AND REMANDED.**

FERNANDEZ, Circuit Judge, dissenting:

The district court did not impose some draconian sanction upon Hadley. Far from it. The Rule itself imposes the sanction; it provides that the material "*is* admitted." Fed.R.Civ.P. 36(a) (emphasis added). The Rule then goes on to give the district court discretion to permit withdrawal of that admission if certain conditions exist. However, as we have pointed out, there is no absolute right to withdraw an admission just because it relates to an ultimate issue in the case. Thus, when railroads asserted that their admissions were a virtual concession of liability and that the other side had made no affirmative showing of prejudice, we said:

What the railroads are actually asserting is that they had an absolute right under Rule 36(b) to have the admissions withdrawn. Such a reading seems especially inappropriate when the Rule uses the discretionary term "the court may." … In a proper case, of course, such as when an admission has been made inadvertently, Rule 36(b) might well require the district court to permit withdrawal. But our re-

view is limited to whether the district judge abused his discretion. On the record before us, we conclude he has not.

*Asea, Inc. v. Southern Pacific Transp. Co.,* 669 F.2d 1242, 1248 (9th Cir.1981). Moreover, as the Second Circuit pointed out in *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 652 (2d Cir.1983) (citations omitted):

> Because the language of the Rule is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule.... Vesting such power in the district court is essential for Rule 36 admissions effectively to narrow issues and speed the resolution of claims.

Here the failure to answer requests for admissions was not through some inadvertence. It was willful—Hadley's counsel just decided not to respond even though he knew that he ought to. As the district court pointed out, counsel just disregarded the rules with no real justification whatever. Moreover, *the government did point to prejudice,* and the district court was satisfied that there would be prejudice both as to discovery against Hadley himself and as to further discovery. Beyond that, the district court noted the effect that counsel's approach could have on the scheduling of cases and the proper utilization of the district court's time.

In short, given Hadley's asthenic excuses, I would not engage in a second-guessing exercise in this case. I believe that the district court's decision was well within its discretion.

Thus, I dissent.