94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NINTENDO OF AMERICA, INC., Plaintiff-Appellee,
v.
Kenneth R. BROWN, Defendant-Appellant.
 No. 95-15954.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth R. Brown appeals pro se the district court's summary judgment for Nintendo of America, Inc. ("Nintendo") in Nintendo's action to enjoin Brown and others from selling video game cartridges that infringed copyrights and trademarks owned by Nintendo. We review de novo the district court's summary judgment. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 1. Copyright Infringement, 17 U.S.C. § 101, et seq.
 
 
 4
 Brown contends the district court erred by holding that he infringed Nintendo's copyrights. "To establish a successful copyright infringement claim, a plaintiff must show that (1) she owns the copyright, and (2) defendant copied protected elements of the copyrighted work." Smith v. Jackson, 84 F.3d 1213, 1218 (1996). "Copying may be shown by circumstantial evidence of access and substantial similarity of both the general ideas and expression between the copyrighted work and the allegedly infringing work." Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1442 (9th Cir.1994), cert. denied, 115 S.Ct. 1176 (1995). Here, it is undisputed that Nintendo owned valid copyrights for the video games at issue and the video games sold by Brown were virtually identical to Nintendo's games, except for the absence of Nintendo's copyright designation. Furthermore, because there is a "striking similarity" between the games Brown sold and Nintendo's games, an inference of copyright infringement arises. See Baxter v. MCA, Inc., 812 F.2d 421, 423 (9th Cir.), cert. denied, 484 U.S. 954 (1987). In opposing summary judgment, Brown failed to submit evidence that was sufficient to controvert this inference. Therefore, the district court did not err by holding that Brown infringed on Nintendo's copyright. See Smith, 84 F.3d at 1218.
 
 
 5
 2. Trademark Infringement, 15 U.S.C. § 1114
 
 
 6
 Brown contends that the district court erred by holding that he infringed on Nintendo's trademark. "To maintain a trademark infringement action under 15 U.S.C. § 1114 ... a plaintiff must prove the defendant's use of the same or similar mark would create a likelihood of consumer confusion." Murray v. Cable Nat. Broadcasting Co., No. 95-55090, slip op. 7057, 7061 (9th Cir. June 18, 1996). The record supports the district court's determination that consumer confusion would occur about the origin of the video games at issue because they were virtually identical to the games sold by Nintendo. The district court did not err by holding that Brown infringed on Nintendo's trademark. See id.
 
 
 7
 3. False Designation of Origin, 15 U.S.C. § 1125(a)
 
 
 8
 The test for claims brought for false designation of origin "is exactly the same as for trademark infringement: 'whether the public is likely to be deceived or confused by the similarity of the marks.' " Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1178 (9th Cir.1988) (quoting New West Corp. v. NYM Co. of California, 595 F.2d 1194, 1201 (9th Cir.1979). Because the district court did no err by holding that consumer confusion was probable, it properly entered summary judgment for Nintendo on its false designation of origin claim. See id.
 
 4. Unfair Competition Under Arizona Law
 
 9
 Under Arizona law, to maintain an action for unfair competition, a plaintiff must show either "that it was engaged in competitive business with [the defendant] or that [the defendant's] actions were likely to produce public confusion. Sutter Home Winery, Inc. v. Vintage Selections, Ltd., 971 F.2d 401, 407 (9th Cir.1992) (citation omitted). Because the district court did not err by holding that consumer confusion was probable, it properly entered summary judgment for Nintendo on its unfair competition claim. See id.
 
 
 10
 5. Trademark Counterfeiting, 15 U.S.C. § 1117(b)
 
 
 11
 Brown contends the district court erred by holding that he committed trademark counterfeiting. A plaintiff may establish a claim for trademark counterfeiting by showing that (1) the defendant intentionally used a mark or designation knowing that it was counterfeit, or (2) the defendant is willfully blind to such use. See 15 U.S.C. § 1117(b). Here, the record indicates that Nintendo served Brown with its second set of interrogatories and requests for admissions. Included in the request for admissions was a request that Brown admit to intentionally selling multiple game cartridges, using Nintendo's marks, with the knowledge that the marks were counterfeit. Brown failed to respond to the interrogatories and request for admissions. Because Brown failed to respond to the interrogatories and request for admissions, he was deemed to have admitted that he committed trademark counterfeiting. See Fed.R.Civ.P. 36(a); see also Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir.1995). Therefore, the district court did not err by entering summary judgment on this issue. See Fed.R.Civ.P. 36(a).
 
 6. Jury Trial Request
 
 12
 Because Brown's request for a jury trial was untimely, the district court did not err by denying the request. See Fed.R.Civ.P. 38(b) (stating that party seeking a jury trial must file its demand "not later than 10 days after the service of the last pleading directed to such issue.").
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3