808

In re GENSCI ORTHOBIOLOGICS, INC., Petitioner.

No. MISC. NO. 669.

United States Court of Appeals, Federal Circuit.

DECIDED: May 10, 2001.

Before MAYER, Chief Judge, SCHALL and GAJARSA, Circuit Judges.

ON PETITION FOR WRIT OF MANDAMUS

GAJARSA, Circuit Judge.

ORDER

GenSci Orthobiologics, Inc. petitions for a writ of mandamus to direct the United States District Court for the Central District of California to vacate its March 22, 2001 order denying GenSci's "Motion to Withdraw and/or Amend Its Responses to Requests for Admission." GenSci submits a "supplement" to its petition, seeking an order directing the district court to vacate its April 9, 2001 summary judgment order. Osteotech, Inc. responds. GenSci moves for leave to file a reply, with reply attached. GenSci moves to stay proceedings pending resolution of its petition. Osteotech responds. GenSci replies. Osteotech moves for leave to file a combined surreply to GenSci's replies in support of the petition and the motion to stay, with surreply attached. GenSci opposes.

Osteotech sued GenSci for patent infringement, alleging that two of GenSci's demineralized bone products, Dynagraft® Gel and Putty, infringe certain claims of two of Osteotech's patents. In response to Osteotech's first set of requests for admission, GenSci admitted that DynaGraft Gel and Putty are "osteogenic." GenSci also admitted, in response to Osteotech's third set of requests for admission, that the Dynagraft products contain "new bone growth inducing amounts of demineralized osteogenic bone powder." Subsequently, two studies were published that cast doubt on the osteogenicity of the DynaGraft products. On the basis of these studies, GenSci filed a motion to withdraw its previous admissions. Nonetheless, GenSci represented to the district court (and the public) that it still *believes* the DynaGraft products are osteogenic. The district court denied GenSci's motion to withdraw its admissions on the grounds that (1) GenSci's positions were fundamentally inconsistent; and (2) withdrawal of the admissions regarding the osteogenicity of the Dynagraft products would not "subserve" the presentation of the merits of the action, as required by Fed.R.Civ.P. 36(b). GenSci then filed the instant petition.

Shortly after GenSci filed its petition, the district court granted Osteotech's motion for summary judgment that claims 4 and 10 of one of the patents are literally infringed. In doing so, the district court reiterated that GenSci's admissions regarding the osteogenicity of the Dynagraft products were irrelevant to a determination of infringement because, pursuant to the district court's claim construction, the claims' common preamble did not impose an osteogenicity limitation on the claimed composition.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

In response to GenSci's petition, Osteotech argues, inter alia, that GenSci's petition is moot because the district court granted summary judgment without placing any reliance on GenSci's "osteogenic" admissions. Osteotech also argues that GenSci is improperly seeking review of the district court's claim construction by way of its mandamus petition. GenSci replies that evaluation of the district court's claim construction is essential to a determination whether GenSci has satisfied the requirement under Rule 36(b) that withdrawal subserve the merits of the case.

While GenSci has brought this petition in the context of the district court's refusal to permit withdrawal of its admissions, it is clear that GenSci seeks review of the district court's claim construction and subsequent order granting summary judgment on claims 4 and 10 of one of the patents. We decline to review the merits of the district court's claim construction and summary judgment order in the context of a mandamus petition, as GenSci may appropriately raise these issues on appeal after final judgment. *See Mallard*, 490 U.S. at 309 (stating that a party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired). Rather, we confine our review to whether the district court clearly abused its discretion in denying GenSci's motion for withdrawal. *See Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995) (denial of Rule 36(b) motion reviewed for abuse of discretion); *In re Calmar*, 854 F.2d at 464 (mandamus available only to correct a clear abuse of discretion or usurpation of judicial power).

The district court gave several reasons for denying GenSci's motion to withdraw its admissions. We need address only the first reason, that withdrawal was not appropriate because GenSci continued to represent to the court and to the public that it believes its Dynagraft products are osteogenic. We find no abuse of discretion in the district court's refusal to allow withdrawal on that basis. *See Allied*, 449 U.S. at 36 ("Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.' "). Thus, we determine that GenSci has failed show that it is entitled to the extraordinary remedy of mandamus.

Accordingly,

IT IS ORDERED THAT:

(1) GenSci's petition for writ of mandamus is denied.

(2) GenSci's motion for leave to file a reply is granted.

**810**

(3) Osteotech's motion for leave to file a surreply is granted.

(4) GenSci's motion to stay is moot.