**CONSTRUCTION SERVICES IN SAMOA, INC., Plaintiff,**

**v.**

**AMERICAN SAMOA GOVERNMENT, PORT AUTHORITY, Defendant.**

High Court of American Samoa
Trial Division

CA No. 41-03

July 30, 2004

Before KRUSE, Chief Justice, MAMEA, Associate Judge, and TAPOPO, Associate Judge

Counsel: For Plaintiff, Charles V. Ala'ilima
For Defendant, Fiti A. Sunia, Attorney General, and Monica Abello, Assistant Attorney General

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND AWARDING SANCTIONS

Plaintiff Construction Services in Samoa, Inc. ("CSS") moves for summary judgment pursuant to T.C.R.C.P. 56(c) on its claims against Defendant American Samoa Government ("ASG"). On July 23, 2004, hearing was held on this motion. For the reasons stated below, we deny CSS' motion for summary judgment.

On March 23, 2004, CSS served several requests for admissions ("RFAs") on ASG in accordance with T.C.R.C.P. 36(a). According to T.C.R.C.P. 36(a), "[t]he matter is admitted unless, within 30 days after service of the request, the party to whom the request is directed serves

upon the party requesting the admission a written answer or objection addressed to the matter." ASG failed to respond to CSS' requests until July 23, 2004, well after the 30-day deadline imposed by Rule 36. *See* T.C.R.C.P.36(a). CSS, in its motion for summary judgment, asks the Court to recognize ASG's failure to timely respond to its requests and deem the requested matters admitted.

■ At the hearing on this matter, ASG admitted it failed to timely respond to CSS' RFAs and offered no excuse for its failure. According to Rule 36(b), "the court may permit withdrawal or amendment [of the admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."[1] ASG argues that the admissions go to factual issues that are central to the case and that allowing them to respond will serve the merits of the case. CSS does not dispute this contention. In addition, we are not persuaded that CSS will suffer any prejudice in "maintaining [its] action or defense on the merits" if we allow ASG's untimely response. T.C.R.C.P. 36(b). Accordingly, we will allow ASG's untimely filing to serve as its responses to CSS' RFAs.

■ Because CSS brought its motion for summary judgment relying in large part on the facts in the RFAs being deemed admissions, we must deny the motion for summary judgment at this time. However, ASG must be held accountable for its conduct which caused CSS to incur time and expense that could have easily been avoided had ASG timely filed responses to CSS' RFAs.[2] ASG shall pay CSS for the costs and reasonable attorney's fees associated with CSS' motion for summary judgment.[3] *See Hadley v. U.S.*, 45 F.3d 1345, 1350 (9th Cir. 1995).

---

[1] Although ASG did not specifically move to amend or withdraw its response (or lack thereof) as provided for in Rule 36, it suggested in its written memorandum that we should consider its untimely responses.

[2] Additionally, ASG never moved for an extension of time in which to file their responses, they simply filed them out-of-time.

[3] We note that A.S.C.A. § 43.0201(a) provides that "[i]n the High Court, the civil practice shall conform, as closely as practicable, to the practice provided for in the Federal Rules of Civil Procedure." Federal Rule of Civil Procedure 26(g) "imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." FED. R. CIV. P. 26(g) advisory committee's note. If a party violates Rule 26(g), "the court . . . upon its own initiative, shall impose . . . an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee. FED. R. CIV. P. 26(g)(3).

Nothing in this order prevents CSS from bringing any future motion for summary judgment.

## Order

1. CSS' motion for summary judgment is denied.
2. CSS is awarded its costs and reasonable attorney's fees incurred in the prosecution of its motion for summary judgment. Counsel shall submit an affidavit itemizing such costs and fees for the Court's approval as to reasonableness.

It is so ordered.