SAROYAN LUMBER COMPANY, INC., Plaintiff—Appellant,

v.

EL & EL WOOD PRODUCTS CORPORATION, a California Corporation; Cathy Vidas, an individual; Lenske Lenske & Abramson, a law corporation; Stephen A. Lenske, an individual, Defendants—Appellees.

No. 03–56168.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2005.*

Decided March 11, 2005.

Andrew M. Rosenfeld, Esq., Andrew M. Rosenfeld Law Offices, Torrance, CA, Cur-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

tis A. Westfall, Esq., Westfall & Associates, Los Angeles, CA, for Plaintif–Appellant.

Marjorie A. Marenus, Esq., Marjorie A. Marenus Law Offices, Sherman Oaks, CA, William J. Rea, Lewis Brisbois Bisgaard & Smith, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: BRUNETTI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Saroyan Lumber Company, Inc., appeals the denial of Saroyan's motion to withdraw admissions and the grant of defendants' motion for summary judgment. Saroyan's admissions were deemed as such by operation of law when Saroyan failed to timely respond to defendants' request for admissions. Fed.R.Civ.P. 36(a). Saroyan did not move to withdraw the deemed admissions until after the discovery cut-off date and after defendants filed their motion for summary judgment. Saroyan's motion was filed the same day as, and was the primary basis for, its opposition to summary judgment.

Saroyan makes only two contentions on appeal. First, Saroyan contends that the district court abused its discretion in denying Saroyan's motion to withdraw admissions because presentation of the merits of the action would be subserved and defendants would suffer no prejudice from the withdrawal. Fed.R.Civ.P. 36(b). The district court found that the first prong is satisfied here but that withdrawal would prejudice the defendants. "The prejudice contemplated by Rule 36(b) '. . . relates to the difficulty a party may face in proving its case, e.g., . . . because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir.1995) (citation omitted). Here, Saroyan did not seek to withdraw the deemed admissions until the discovery cut-off had passed and defendants were unable to conduct discovery on the facts deemed admitted. We find no abuse of discretion.

Second, Saroyan contends that the district court should not have considered defendants' motion for summary judgment because defendants filed the motion one day after the motion cut-off date. District courts have broad discretion in managing their dockets and enforcing their scheduling orders. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992). *See also Coursen v. A.H. Robins Co.,* 764 F.2d 1329, 1340 (9th Cir.1985). Although defendants' motion was date stamped, it is unclear whether the district court was actually aware that the motion was filed one day after the motion cut-off date. Nevertheless, we cannot say that the district court committed an abuse of discretion in considering defendants' untimely motion when Saroyan itself failed to raise the issue of untimeliness to the district court. Moreover, the district court could have declined to strictly enforce the scheduling order based on the facts that defendants served the motion and attempted to file it by the motion cut-off date and it was filed the next day. The defendants also present a colorable argument that the motion cut-off date was no longer operable. The parties had not yet had their

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

initial meeting with the settlement officer, which appears to have been a condition precedent to the filing of summary judgment motions under the scheduling order. For each of these reasons, we find that the district court did not abuse its discretion by considering defendants' motion for summary judgment. *See Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 842 n. 2 (9th Cir.1994).

Saroyan has not raised any issue with respect to the merits of summary judgment. The parties agree that summary judgment is required if the deemed admissions are not withdrawn and that summary judgment must be denied if the admissions are withdrawn. Having determined that the district court did not abuse its discretion in considering defendants' motion for summary judgment or in denying Saroyan's motion to withdraw the admissions, we affirm the district court's grant of summary judgment.

AFFIRMED.