THIS OPINION
IS PRECEDENT
OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Lykos

Mailed: June 6, 2007

Cancellation No. 92045576

Gerald David Giersch, Jr.
and Benjamin J. Giersch

v.

Scripps Networks, Inc.

Before Quinn, Bucher and Zervas, Administrative Trademark
Judges.

By the Board:

This case now comes up for consideration of (1)
petitioners' motion (filed October 7, 2006) for summary
judgment based on respondent's admissions; (2) respondent's
cross-motions (filed November 21, 2006) to reopen its time
to respond to petitioners' admission requests under Fed. R.
Civ. P. 6(b)(2), or alternatively, to withdraw such
admissions under Fed. R. Civ. P. 36(b) and submit amended
responses; (3) petitioners' motion (filed December 7, 2006)
to amend the petition for cancellation to add a claim of
fraud; and (4) petitioners' motion (filed January 6, 2007)

to file a second amended pleading to add an amended claim of fraud. The parties have fully briefed the motions.[1]

I. *Respondent's Motion to Withdraw its Admissions*

Because petitioners' motion for summary judgment is based solely on respondent's effective admissions, we first consider respondent's motions to reopen its time to respond to the admission requests, or alternatively, to withdraw its effective admissions, and provide actual responses.

As background, petitioners served their first requests for admissions on respondent on June 22, 2006. Thereafter, the parties mutually agreed to two extensions of time for respondent to file responses. Pursuant to the parties' most recent written agreement, respondent's responses were due September 22, 2006. Respondent did not respond to the requests for admissions by the September 22, 2006 extended due date, but rather has submitted proposed responses contemporaneously with its cross-motions.

Under Fed. R. Civ. P. 36, a requested admission is deemed admitted unless a written answer or objection is provided to the requesting party within thirty days after service of the request, or within such time as the parties agree to in writing. In order to avoid admissions resulting from a failure to respond, a responding party may pursue two

---

[1] The Board has exercised its discretion to consider the parties' reply briefs. *See* Trademark Rule 2.127(a).

separate avenues for relief: a party may either (1) move to reopen its time to respond to the admission requests because its failure to timely respond was the result of excusable neglect under Fed. R. Civ. P. 6(b)(2), or (2) move to withdraw and amend its admissions pursuant to Fed. R. Civ. P. 36(b). The crucial distinction is that under Rule 6(b)(2), the moving party is seeking to be relieved of the untimeliness of its response, so that the admissions would not be deemed admitted as put. *See Hobie Designs, Inc. v. Fred Hayman Beverly Hills, Inc.*, 14 USPQ2d 2064 at fn. 1 (TTAB 1990). Simply stated, a motion under Rule 6(b)(2) constitutes a motion to reopen the time to serve responses to the outstanding admission requests. By contrast, under Rule 36(b), the moving party implicitly acknowledges that its responses are late and the requested admissions are therefore deemed admitted, but now seeks to withdraw the effective admissions and provide responses. In this particular case, respondent seeks both to show excusable neglect to be relieved of the untimeliness of its responses under Rule 6(b)(2) and, alternatively, to withdraw the effective admissions pursuant to the standards set forth in Rule 36(b) and have responses accepted.

Considering first respondent's motion to reopen, we find that respondent has failed to show excusable neglect. Respondent contends that its failure to timely respond to

petitioners' admission requests was due to its mistaken assumption that counsel for petitioners would agree to a third extension request upon his return from an overseas business trip. We find this reason insufficient to establish excusable neglect for respondent's failure to timely respond to petitioners' admission requests. Clearly, counsel for respondent was aware of the upcoming deadline, and knowing that counsel for petitioners was unavailable, should have, at a minimum, filed a formal motion to extend respondent's time to serve responses to the admission requests prior to the expiration of the time therefor. Counsel for respondent's mistaken belief that counsel for petitioners would simply agree to another extension request does not absolve respondent from its duty to adhere to the appropriate deadlines in this case. *See PolyJohn Enterprises Corp. v. 1-800-Toilets Inc.,* 61 USPQ2d 1860 (TTAB 2002) (petitioner's mistaken belief that the parties' agreement to extend petitioner's time to respond to discovery requests also extended the testimony periods does not constitute excusable neglect). Thus, by operation of Rule 36, the requested matters are deemed admitted.

We now turn to respondent's motion to withdraw its effective admissions and to substitute responses. Under Rule 36(b), the Board may permit withdrawal or amendment of admissions where "the presentation of the merits of the

action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."  The notes of the Advisory Committee state that Rule 36(b) emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on the admission in preparation for trial will not operate to his prejudice.  Consistent with the language contained in the rule, "withdrawal is at the discretion of the court."  *In re Fisherman's Wharf Fillet, Inc.,* 83 F. Supp.2d 651 (E.D.Va. 1999).  "[T]he decision to allow a party to withdraw its admission is quintessentially an equitable one, balancing the rights to a full trial on the merits, including the presentation of all relevant evidence, with the necessity of justified reliance by parties on pre-trial procedures and finality as to issues deemed no longer in dispute."  *McClanahan v. Aetna Life Ins. Co.,* 144 F.R.D. 316, 320 (W.D.Va. 1992) (*citing Branch Banking & Trust Co. v. Deutz-Allis Corp.,* 120 F.R.D. 655, 658 (E.D.N.C. 1988)).

Thus, the test for withdrawal or amendment of admissions is based on two prongs.  The first prong of the test is satisfied "when upholding the admissions would practically eliminate any presentation of the merits of the case."  *Hadley v. United States,* 45 F.3d 1345, 1348 (9th

Cir. 1995).  In other words, the proposed withdrawal or amendments must "facilitate the development of the case in reaching the truth."  *Farr Man & Co., Inc. v. M/V Rozita,* 903 F.2d 871, 876 (1st Cir. 1990).  *See Banos v. City of Chicago,* 398 F.3d 889 (7th Cir. 2005) (holding that a court may permit a party to rescind admissions when doing so better serves the presentation of the merits of the case); *Atakpa v. Perimeter OB-GYN Associates, P.C.,* 912 F.Supp. 1566 (N.D.Ga. 1994) (finding that prohibiting the proposed amendments would impede the trier of fact from reaching the truth).

Under the second prong, the court must examine "whether withdrawal [or amendment] will prejudice the party that has obtained the admissions."  *McClanahan,* 144 F.R.D. at 320. As contemplated under Rule 36(b), "'prejudice' is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth, but rather, relates to the special difficulties a party may face caused by the sudden need to obtain evidence upon withdrawal or amendment of admission."  *Kerry Steel, Inc. v. Paragon Industries, Inc.,* 106 F.3d 147 (6th Cir. 1997). *See also Davis v. Noufal,* 142 F.R.D. 258 (D.D.C. 1992) (holding that the burden of addressing the merits does not establish "prejudice").  The "special difficulties" include the "unavailability of key witnesses in light of the delay."

*Sonoda v. Cabrera,* 255 F.3d 1035 (9th Cir. 2001). "Mere inconvenience" does not constitute "prejudice." *Hadley v. U.S.,* 45 F.3d 1345 (9th Cir. 1995). The test is whether that party is now any less able to obtain the evidence required to prove the matter which was admitted than it would have been at the time the admission was made. *Rabil v. Swafford,* 128 F.R.D. 1, 2 (D.D.C. 1989).

With respect to the first prong of the test, the Board finds that the merits of the action will be subserved by allowing withdrawal of the admissions which resulted from respondent's failure to timely respond. Respondent has submitted a response to petitioners' requests in which many of the previously admitted facts are denied, thereby demonstrating that the supposedly admitted matters are actually disputed. If withdrawal thereof were not permitted, respondent would be held to have admitted critical elements of petitioners' asserted claims.

As to the second prong of the test set forth in Rule 36(b), we find that petitioners will not be prejudiced by allowing the withdrawal of respondent's effective admissions and the replacement thereof with the later-served responses. Petitioners filed their motion for summary judgment prior to the close of discovery. The case is therefore in the pre-trial stage, and any potential prejudice can be mitigated by extending the discovery

period as necessary to permit petitioners to take any additional follow-up discovery based on respondent's amended admissions. *See Johnston Pump/General Valve, Inc. v. Chromalloy American Corporation,* 13 USPQ2d 1719 (TTAB 1989); *see also Hadley, supra,* at 1348 (courts are more likely to find prejudice when the motion for withdrawal is made in the middle of trial). Our determination in this particular case, however, is not meant to imply that the filing a Rule 36(b) motion prior to the close of discovery *per se* satisfies the second prong. Timing is merely one factor to consider in analyzing prejudice to the non-moving party.

In addition, petitioners have pointed to no particular prejudice in the form of special difficulties it could potentially face caused by the need to obtain evidence. While the Board recognizes that petitioners relied on the admissions in filing their motion for summary judgment, such reliance does not rise to the level of "prejudice" as contemplated under Rule 36(b). *See FDIC v. Prusia,* 18 F.3d 637 (8th Cir. 1994) (holding that the "mere fact that a party may have prepared a summary judgment motion in reliance on an opposing party's erroneous admission does not constitute 'prejudice' such as will preclude grant of a motion to withdraw admissions).

Thus, based on our two-prong analysis and taking into account all the circumstances presented before us, the Board finds that it is appropriate to exercise our discretion pursuant to Rule 36(b) to grant respondent's motion to withdraw its effective admissions and accept its later-served responses.  Accordingly, respondent's admissions stand withdrawn and its responses are accepted.

II.  *Petitioners' Motion for Summary Judgment*[2]

The Board will now consider petitioners' motion for summary judgment on their claim under Section 2(d). Inasmuch as petitioners have based their assertion that there are no genuine issues of material fact on respondent's effective admissions, and because we have allowed respondent to withdraw the admissions, petitioners' motion for summary judgment on its Section 2(d) claim is

---

[2] The parties should note that all evidence submitted in support of and in opposition to the motion for summary judgment is of record only for consideration of said motion.  Any such evidence to be considered at final hearing must be properly introduced in evidence during the appropriate trial periods.  *See Levi Strauss & Co. v. R. Josephs Sportswear Inc.,* 28 USPQ2d 1464 (TTAB 1993); and *Pet Inc. v. Bassetti,* 219 USPQ 911 (TTAB 1983).

denied.[3]

III. *Petitioners' Motions for Leave to Amend Their Pleading*

Lastly, we consider petitioners' motions for leave to amend their petition for cancellation to assert a claim of fraud. For the reasons explained below, petitioners' motions for leave to amend are denied without prejudice.

Under Fed. R. Civ. P. 15(a), leave to amend pleadings shall be freely given when justice so requires. The Board liberally grants leave to amend pleadings at any stage of the proceeding when justice requires, unless entry of the proposed amendment would violate settled law or be prejudicial to the rights of the adverse party or parties. *See, for example, Commodore Electronics Ltd. v. CBM Kabushiki Kaisha*, 26 USPQ2d 1503 (TTAB 1993); *United States Olympic Committee v. O-M Bread Inc.*, 26 USPQ2d 1221 (TTAB 1993). However, where the moving party seeks to add a new claim, and the proposed pleading thereof is legally insufficient, or would serve no useful purpose, the Board

---

[3] In addition, petitioners' motion for summary judgment on an unpleaded claim, namely that respondent fraudulently procured its registration from the USPTO, is denied. *See* Fed. R. Civ. P. 56(a) and 56(b); *see also S. Industries Inc. v. Lamb-Weston Inc.*, 45 UPSQ2d 1293 (TTAB 1997) (a party may not obtain summary judgment on an issue that has not been pleaded). While petitioners have moved to amend their petition for cancellation twice, petitioners did not file either of their motions for leave to amend until after the submission of their motion for summary judgment. In any event, even if we were to consider petitioners' motion for summary judgment on the claim of fraud on its merits, because the motion is based on respondent's admissions which have now been withdrawn, the motion for summary judgment would be denied.

normally will deny the motion for leave to amend. *See e.g. Leatherwood Scopes International Inc. v. Leatherwood,* 63 USPQ2d 1699 (TTAB 2002); *see also* TBMP § 507.02 and cases cited therein.

The fraud claims asserted in both petitioners' first and second amended pleadings are explicitly predicated on the premise that petitioners' requests for admissions are deemed admitted. Indeed, both pleadings quote specific admissions and link the allegations pertaining to fraud directly to such admissions.

Insofar as the Board has permitted withdrawal of the admissions, all allegations pertaining to fraud contained in both of petitioners' proposed pleadings have no basis. At this juncture, to make either pleading the operative pleading in this case would serve no useful purpose. As such, both motions for leave to amend are denied without prejudice. Petitioners may, however, file an amended petition if they subsequently obtain information to support any allegations of fraud and can, in good faith, make such a pleading.

IV. *Resumption of Proceedings and Resetting of Dates*

Proceedings are resumed. The parties are allowed until THIRTY DAYS from the mailing date of this order to serve responses to any outstanding discovery requests. Trial dates, including the close of discovery, are reset as

follows:

THE PERIOD FOR DISCOVERY TO CLOSE:[4]     8/15/07

30-day testimony period for party in
position of plaintiff to close:        11/13/07

30-day testimony period for party in
position of defendant to close:        1/12/08

15-day rebuttal testimony period for
party in position of plaintiff
to close:                              2/26/08

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

---

[4] By this order, the discovery period has been extended to mitigate any potential prejudice to petitioners, and permit the taking of follow-up discovery based on respondent's responses to the requests for admissions.