NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS J. ROMANO,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>NEVADA DIVISION OF WATER RESOURCES,<br><br>        Defendant-Appellee. | No.   18-15952<br><br>D.C. No. 3:16-cv-00204-RCJ-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted July 15, 2019[**]

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Thomas J. Romano appeals pro se from the district court's summary judgment in his action alleging claims stemming from a water rights dispute. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Haro v. Sebelius*, 747 F.3d 1099, 1107 (9th Cir. 2014). We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Romano failed to raise a genuine dispute of material fact as to whether there was diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011) (state agency is not considered a citizen of a state for purposes of diversity jurisdiction); *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995) (presence of United States citizen domiciled abroad defeats diversity jurisdiction).

To the extent Romano sought to allege claims under 42 U.S.C. § 1983, the district court properly determined that the action was barred by Eleventh Amendment immunity. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Eleventh Amendment immunity applies to state agencies).

The district court did not abuse its discretion by denying Romano's motion for sanctions because Romano failed to identify any sanctionable conduct. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (standard of review); *Dunn v. Trans World Airlines, Inc.*, 589 F.2d 408, 415 (9th Cir. 1978) ("The sanctions available to a trial judge under [the Federal Rules of Civil Procedure] are discretionary and the imposition of such sanctions will not be reversed unless there has been an abuse of discretion." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Romano's motion

to compel because Romano failed to demonstrate actual and substantial prejudice resulting from the denial of discovery. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004) (standard of review); *Sablan v. Dep't of Fin.*, 856 F.2d 1317, 1321 (9th Cir. 1988) (district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Romano's motion to amend his admissions. *See Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (standard of review and requirements for the withdrawal or amendment of admissions under Fed. R. Civ. P. 36(b)).

To the extent Romano argues that he was unable to challenge defendant's motion for substitution, he fails to establish any prejudice.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

3